## FRANKLIN v. TUCKERMAN ET AL.

1. **Statute of Frauds:** ORAL CONTRACT TO CONVEY LAND: EVIDENCE
   OF CONTRACT AND OF PART PERFORMANCE. Action for specific per-
   formance of a contract to convey land in consideration of services.
   Evidence considered (see opinion,) and *held* sufficient to establish the
   contract, and such performance on plaintiff's part as to take it out of
   the statute of frauds, and justify a decree for specific performance.

*Appeal from Black Hawk Circuit Court.*

WEDNESDAY, APRIL 21.

ACTION in equity to enforce the specific performance of a
contract. Defendants are the heirs at law of Sarah A.
Franklin, who died seized of the property in question on the
ninth day of October, 1884. Sarah A. Franklin was the
widow of Simeon Franklin, who died in 1881, and she
acquired title to the property by a conveyance and assign-
ment executed by her husband in 1875. She was the second
wife of said Simeon, and plaintiff is his daughter by the
first wife. By the conveyance and assignment under which
Sarah A. held the property, the husband transferred to her
all of his property, personal and real. It is alleged in the
petition that these conveyances were made upon the promise
by Sarah A. that she would, at her death, reconvey the prop-
erty to plaintiff and her brother, who were the only children
of said Simeon, and that before her death she had, in part
performance of this promise, conveyed a portion of the prop-
erty to plaintiff's brother. It is also averred that after the
death of Simeon the said Sarah A., being in feeble health,
and unable to care for herself and her business, promised
and agreed with plaintiff that, in consideration that she
would remain with her and care for her and her property
during the balance of her life, she would convey to her, be-
fore her death, all the property which she acquired from her
husband; and that, in pursuance of this promise and agree-

ment, plaintiff did remain with and nurse and care for her, and did manage and care for her business and property, up to the time of her death; but that her death occurred suddenly, and the agreement to make the conveyance was never performed. The prayer of the petition is for judgment compelling the specific performance of these two agreements. The defendants denied the making of the contracts alleged in the petition. The circuit court entered judgment as prayed for in the petition, and defendants appeal.

*Nichols & Burnham*, for appellants.

*Boies, Husted & Boies*, for appellee.

REED, J.—Counsel for plaintiff do not claim that they have proven a contract between Simeon and Sarah A. Franklin for the conveyance by the latter of the property to plaintiff and her brother; but they claim to recover on the alleged contract between plaintiff and Sarah A. Franklin for the conveyance by the latter of the property to plaintiff in consideration of her services in nursing and caring for her, and in attending to and caring for her business and property. The alleged contract was in parol, and the effort of plaintiff has been to take the case out of the statute of frauds by proving a part performance of the agreement. Counsel do not disagree as to the rules of law applicable to the case. It is conceded by both parties that, before plaintiff will be entitled to recover, she must establish the alleged parol contract by clear and unequivocal testimony; also that she must prove that the acts relied upon as a part performance of the contract were done in pursuance of it, and are referable exclusively to it. It is insisted by counsel for defendants that neither the making of the contract nor its part performance is established by the *quantum* or character of evidence required by these rules.

It is shown by evidence, which we regard as entirely satisfactory, that the said Sarah A. Franklin, after the death of

her husband, admitted, on many occasions and to a number of different witnesses, that she had promised plaintiff that if she would not get married, but would remain with her, and nurse and care for her during her life, and assist her in caring for and managing the property, she would convey and assign the property to her. These admissions are competent and entirely satisfactory evidence of an offer by Sarah A. Franklin to enter into substantially such an agreement with plaintiff as is alleged in the petition. But, to establish the alleged contract, plaintiff must prove, not only the offer by her step-mother to enter into the agreement, but an acceptance by her of that offer. It must be shown that there was a mutual agreement.

It must be admitted that there is an entire absence of direct and positive evidence of an agreement by plaintiff to accept the terms of the offer made by Mrs. Franklin. We think, however, that the facts and circumstances proven lead necessarily to the conclusion that there was an acceptance by her of the terms of the offer. Plaintiff was about twenty-seven years old when her father died. It is shown that she is a capable and very industrious woman. For a number of years before his death her father was in bad health, and was incapable of doing much work, or of giving much attention to his business. The real estate in controversy is a farm, which the father had owned for many years before the conveyance to his wife. The family lived on this farm, and the personal property assigned to Mrs. Franklin was the stock and implements upon it. During the incapacity of her father, plaintiff aided her step-mother in the management of the farm, and in the care of the stock upon it. She did much more out-door work upon the farm than is ordinarily done by farmers' daughters; and, in addition to this, she assisted in the household duties. After the death of her father she remained upon the farm, and continued to render services of the same character up to the time of the death of the step-mother. The step-mother was quite old, and

during a portion of this time was in delicate health, requiring a good deal of personal attention. Plaintiff gave her this attention in addition to her other services, and by her care and kindness added greatly to her comfort. It is not shown that she ever received anything by way of compensation for these services. She received her board during the time, and we presume her clothing also; but we are satisfied that she was capable of earning much more than this, and that her services actually were worth much more. Her conduct in remaining on the place between the time when she attained her majority and the death of her father, and in rendering the arduous services she has shown to have rendered during that time, can be accounted for on the ground that she felt herself under a sense of natural obligation to him. But her conduct after his death cannot be accounted for on any such ground. She was under neither natural nor legal obligation to continue in the service of the step-mother. She was capable of earning much more than a mere livelihood, and this she could have done in the performance of labor much less arduous than that she continued to perform. We cannot presume that she continued to wear out her life for nearly four years in that hard service merely for the benefit of one to whom she owed no duty. It would be against both reason and experience to do so. The only reasonable presumption, from the circumstances, is that she had accepted the terms of her step-mother's offer, and that she rendered the services in pursuance of her agreement. To our minds, then, the evidence clearly and satisfactorily establishes both the making of the alleged contract, and the rendering of the services in pursuance of that agreement.

The judgment of the circuit court will therefore be

AFFIRMED.