## J. & W. AGNEW *v.* JEROME DUMAS.

*Statute of Frauds.   Sale.   Delivery to carrier.   Attachment.*

Goods of the value of more than $40 were purchased orally by S. without delivery of any portion or payment of any part of the purchase money.   They were to be delivered in B. by the vendor, the freight to be paid by the consignee and deducted from the purchase price. The consignee had never applied to the carrier for the goods nor paid the freight.   *Held,* that the title remained in the vendor and that the goods could not be attached upon the debt of the vendee.

Trover for a quantity of tin-ware and rag sacks.   Heard upon the report of a referee at the September term, 1890, Chittenden county, Rowell, J., presiding.   Judgment for the plaintiffs for the value of the sacks only.   The plaintiffs except.

The defendant attached and sold the property upon the debt of one Sterlovski, to whom it had been sold and sent by the plaintiffs.   With reference to the contract of sale the referee reported:

"That upon the 5th day of April, 1888, at Port Henry, in the State of New York, by oral contract, the plaintiffs, partners in trade at said Port Henry, manufacturing and dealing in tin-ware and other tin peddlers' supplies, sold to one Jacob Sterlovski, living at Burlington, in the State of Vermont, a tin peddler, with no place of business except wherever he might happen to be with his cart, a stock of such supplies at the price of 254 dollars and 64 cents.    The goods in kind and number were ordered by Sterlovski in person and orally without selection of the particular articles, which were afterwards taken from the plaintiffs' general stock to fill the order, and were shipped by plaintiffs to said Sterlovski at said Burlington, by rail, to be delivered at Burlington at the expense of the plaintiffs by such route as they should select, and upon the express understanding that said Sterlovski should pay at Burlington the freight charges for their transportation and be credited for the same by the plaintiffs upon the purchase price of the goods; and upon the further

undertaking upon the part of said Sterlovski that he would ped-·dle out said goods in and about said Burlington in exchange principally for barter, and ship the barter to the plaintiffs to be likewise applied upon said purchase price."

The above property was, together with the rag sacks, shipped by rail under consignment to Sterlovski. Having arrived at Burlington it was placed in the freight house of the railroad company, where it remained uncalled for for several days; after which it was attached by the defendant, who at the time of the attachment paid the freight charges. Still later, the plaintiffs, learning that Sterlovski had become insolvent and absconded, demanded the property of the railroad company, and that demand being refused, brought this suit.

*Roberts & Roberts*, for the plaintiffs.

The defendant has no greater right than Sterlovski. *Hackett* v. *Callender*, 32 Vt. 97-108.

Under the contract of sale Sterlovski acquired no right to the possession of the goods until he had paid the freight charges. *Hale* v. *Huntley*, 21 Vt. 147; *Gibbs* v. *Benjamin*, 45 Vt. 124, 128; Benj. Sales, s. 320 and notes; Id. s. 592; *Towsley* v. *Dana*, 1 Aik. 344; 2 Kent's Com. 492, 496; *Morris* v. *Rexford*, 18 N. Y. 552, 555; *Fletcher* v. *Cole*, 23 Vt. 114.

The plaintiffs were to deliver the goods at Burlington and therefore the common carrier was their agent. Benj. Sales, ss. 330, 693; *Knulder* v. *Ellison*, 47 N. Y. 36, 40; *Craven* v. *Ryder*, 6 Taunt. 433; *Ruck* v. *Hatfield* 5 B. & Ald. 632; Benj. Sales, s. 824.

The contract of sale was void under the Statute of Frauds. Delivery to the carrier was not delivery to Sterlovski. Benj. Sales, 160, 181; Ad. Cont. 561, 571; Benj. Sales, 701, 703; Ad. Cont. 333, Id. 557; *Spencer* v. *Hale*, 30 Vt. 314, *Gibbs* v. *Benjamin*, 45 Vt. 130; *Strong* v. *Dodds*, 47 Vt. 348; *Rogers* v. *Phillips*, 40 N. Y. 519; *Maxwell* v. *Brown*, 39 Me. 98.

*W. L. Burnap* and *J. J. Enright* for the defendant.

The sale to Sterlovski, followed by a separation of the goods. from the general stock and a delivery to the common carrier, passed the title from the plaintiffs to him. There is nothing to show that the plaintiffs intended to retain the title. Benj. Sales, 359-360, 392 and case cited, 362, 392, 399 et seq, 693, 853, 390 ; *Strong* v. *Dodds,* 47 Vt. 348 ; *Hall* v. *Dimond,* (N. H.) 1. N. E. R., 848.

The opinion of the court was delivered by

TYLER, J. The contract between the plaintiffs and Sterlovski was a parol one for the sale of goods for the price of forty dollars and over, and no part of the price was paid and nothing was given in earnest to bind the bargain ; therefore it was within the statute of frauds and not enforceable unless the goods were accepted and received by the purchaser or his agent.

The defendant's position, that the goods were accepted and received at Port Henry by the railroad company as a common carrier, acting as the servant and agent of the purchaser, cannot be maintained for the reason that by the terms of the contract the plaintiffs were to deliver the goods at Burlington. The carriers were therefore the agents of the plaintiffs for the transportation of the goods to the place of their destination.

The defendant's counsel makes the further claim that, when the goods had reached Burlington and been deposited in the carrier's freight house, the possession of the carrier was the constructive possession of the consignee ; that the carrier's receipt of the goods was a sufficient compliance with the statute, and that the carrier thereafter held them for the consignee. We think, however, that the "express understanding" which the referee finds was had between the plaintiffs and the purchaser, that the latter should pay the freight at Burlington for the plaintiffs, makes the fair and only reasonable construction of the contract to be that the purchaser was personally to receive the prop-

J. & W. Agnew *v.* Jerome Dumas.

erty on its arrival; that the payment of the freight and the taking of the property were to be contemporaneous acts; that the fact that he was to advance the freight precludes the idea of an implied authority in the carrier to receive the goods for him. As the consignee did not accept and receive them and did no act indicating an intention to do so, but absconded from the State before their arrival, the contract was not relieved from the statute of frauds. Neither the title nor the right of possession ever ` passed from the plaintiffs.

*Judgment reversed and judgment for the plaintiffs for $196.38, the larger sum named in the report, interest and costs.*