(77 App. Div. 458.)

HALL v. GILMAN et al.

(Supreme Court, Appellate Division, First Department.   December 19, 1902.)

1. PLEADING—DEMURRER.

Where a demurrer is on the ground that the complaint does not state a cause of action, it must be assumed that all of the facts alleged in the complaint, as well as those that may be inferred or implied therefrom by reasonable and fair intendment, are true.

2. SPECIFIC PERFORMANCE—AGREEMENT TO DEVISE—COMPLAINT—SUFFICIENCY.

A complaint alleged an agreement by decedent with plaintiff that, if she should continue to live with him and care for him as a daughter until his death, she should be entitled to all his property, both real and personal, as if she were his sole heir; that plaintiff performed the agreement; that the services were difficult of valuation; that decedent, at the time of and after making the agreement with plaintiff, who was his niece, was a widower and childless, and not on good terms with his other relatives, the nearest of whom were a sister and two brothers of the half blood. *Held* that, as against a demurrer, the complaint was good; sufficiently stating an agreement reasonably certain as to subject-matter, stipulations, purposes, parties, and circumstances.

3. SAME—EQUITY.

The agreement set forth was not unjust, but was such as the decedent, under the circumstances, might well make, and was not void as against public policy.

4. SAME—DISCRETION OF COURT.

It could not be said, as a matter of law, that such agreement was not enforceable; but the question rests in the discretion of a court of equity, to be exercised on the evidence adduced on trial.

5. SAME—ACCEPTANCE OF AGREEMENT.

A complaint stating an agreement to devise in consideration of services, alleging a performance of conditions, and asking for enforcement, was sufficient as against a demurrer, though not averring acceptance of the agreement.

6. SAME—JURISDICTION—RESIDENCE—SITUS OF PROPERTY.

The question of residence of the decedent did not affect the right of enforcement, there being property within the jurisdiction of the court.

7. SAME—ACTIONS—MISJOINDER.

A complaint in a suit to compel specific performance of a contract to devise real and personal property was not objectionable as improperly uniting a cause of action against decedent's administrators for a breach of his contract with a cause of action against the heirs.

8. PARTIES—MISJOINDER—DEMURRER.

A defendant against whom a cause of action is stated cannot demur for misjoinder of parties defendant.   Code Civ. Proc. § 488, permitting demurrer for defect of parties, means a nonjoinder, and not misjoinder.

Appeal from trial term, New York county.

Argued before VAN BRUNT, P. J., and McLAUGHLIN, PATTERSON, O'BRIEN, and LAUGHLIN, JJ.

Raphael J. Moses, for appellant.

George C. Lay, for respondent.

LAUGHLIN, J.   This is an action for the specific performance of an agreement alleged to have been made with the plaintiff by George

F. Gilman, since deceased,—"that, if she should continue to live with him and care for him as a daughter until the time of his death, she should have and be entitled to all his property, both real and personal, as fully and to the same extent as if she were his sole lawful issue." The plaintiff alleges that the decedent was an inhabitant of the city and county of New York; that he died at Bridgeport, Conn., on the 3d day of March, 1901; that he entered into an agreement with her on or about the 1st day of November, 1900; that for several years prior to his death the decedent, "having conceived a strong personal regard for this plaintiff, and being desirous that she should become a member of his household, adopted this plaintiff as his daughter, and did make her a member of his household, and thereafter, and until the time of his death, plaintiff resided with him as his daughter, receiving from him the care, support, and affection of a father, managing his household, and rendering to him the same obedience and affection as if she had been his natural daughter"; that the agreement was made "in consideration of said services and affection, and as an inducement to her to render the same as long as he lived, and for other good and valuable consideration"; that the "plaintiff did at all times since the making of said agreement, up to the time of the decease of said George F. Gilman, perform the said agreement on her part according to the true intent thereof, abandoning for such purpose, upon the wish and desire of said Gilman, all other prospects in life, and devoting herself solely to his care, welfare, and happiness, as a daughter should"; that the considerations and services so rendered to the decedent by the plaintiff were of great value and benefit to him, were so appreciated and regarded by him, and were no less than would have been rendered by a daughter, "but the same are of such a character that they cannot be readily admeasured, and are not capable of exact ascertainment or valuation"; that at the time of executing the agreement the decedent "was a widower and childless, and so continued until his death; that he had no relatives who resided with him, or who were dependent upon him in any manner, or to whom he owed any legal or moral duty to care for them or provide for them out of his means or estate, or who were in any manner entitled to look to him for pecuniary aid, or who had any moral claim to be considered as the objects of his testamentary bounty"; that his nearest relatives were a sister and two brothers, all of the half blood, nephews and nieces, grandnephews and grandnieces, and more remote collateral relatives; that "none of said relatives lived on terms of intimacy or cordiality with said George F. Gilman, but, on the contrary, all of them had for many years been estranged from him, and many of them were bitterly hostile to him"; that the decedent failed and neglected to make a will confirming his agreement with the plaintiff, and died intestate, owning upwards of $1,500,000.

The appellant, according to the allegations of the complaint, is the daughter of a deceased sister of said George F. Gilman. The first ground of her demurrer is that the amended complaint does not state facts sufficient to constitute a cause of action against her. Her first point in this regard is that the allegations of the complaint are in-

sufficient to establish any claim on the part of the plaintiff as an adopted daughter of the decedent. This is apparently conceded by the respondent, and therefore need not be considered.

The appellant further contends that the agreement is void for uncertainty, and that the circumstances are not such as would justify a court of equity in enforcing specific performance. Upon demurrer, where, as here, the demurrer is upon the ground that the complaint does not state facts sufficient to constitute a cause of action, it must be assumed that all of the facts alleged in the complaint, as well as those that may be inferred or implied therefrom by reasonable and fair intendment, are true. Coatsworth v. Railroad Co., 156 N. Y. 451, 51 N. E. 301. Tested by this rule, the complaint, we think, sufficiently states an agreement "reasonably certain as to its subject-matter, its stipulations, its purposes, its parties, and the circumstances under which it was made" (Stokes v. Stokes, 148 N. Y. 716, 43 N. E. 211; 3 Pom. Eq. Jur. § 1405), to give a court of equity jurisdiction to compel specific performance. She does not expressly allege that she accepted the agreement, and remained with the decedent pursuant thereto; but she avers that the decedent "entered into" the agreement with her, and that she fully performed it on her part. Therefore it may fairly be inferred, under the rule stated, that she agreed with the decedent to do the things upon which his agreement to leave her the property was conditioned. Nor can it be said, on the allegations of this complaint, that the contract was void as against public policy. The testator was a widower, and had no issue, and was on unfriendly terms with all his collateral relatives. It would therefore have been competent for him to have given all of his property to the plaintiff during his lifetime, or to have left it all to her by will. It was equally competent for him to make a valid agreement with her, for a sufficient consideration, of the nature of that alleged (which is incapable of exact money value), that she should receive all of his property upon his death; and if a definite agreement, either parol or in writing, to that effect, be clearly shown by satisfactory evidence, a court of equity may, in its discretion, decree a specific performance thereof, where it does not appear that the enforcement of the agreement would be "unfair, inequitable, or unjust." Winne v. Winne, 166 N. Y. 263, 59 N. E. 832; Healy v. Healy, 55 App. Div. 315, 66 N. Y. Supp. 927; affirmed in 166 N. Y. 624, 60 N. E. 1112; Gates v. Gates, 34 App. Div. 608, 54 N. Y. Supp. 454; Brantingham v. Huff, 43 App. Div. 414, 60 N. Y. Supp. 157; Parsell v. Stryker, 41 N. Y. 480. Contracts of this character, especially resting in parol, are justly regarded with suspicion; and the evidence adduced to establish them should be carefully scrutinized, to avoid the perpetration of fraud upon the lawful heirs. Shakespeare v. Markham, 10 Hun, 324, affirmed in 72 N. Y. 400; Gall v. Gall, 64 Hun, 600, 19 N. Y. Supp. 332, affirmed in 138 N. Y. 15, 34 N. E. 515; Matthews v. Matthews, 62 Hun, 111, 16 N. Y. Supp. 621.

It cannot be said, as matter of law, that performance of this agreement should not be enforced. That question will rest in the first instance in the sound discretion of the court of equity, to be exercised upon the evidence as presented upon the trial. The rule applicable to

the specific performance of such agreements is well stated by Martin, J., in Winne v. Winne, supra, as follows:

"The right to the specific performance of a contract rests in judicial discretion, and may be granted or withheld upon a consideration of all the circumstances and in the exercise of a sound discretion. Seymour v. Delancey, 6 Johns. Ch. 222; Margraf v. Muir, 57 N. Y. 155; Conger v. Railroad Co., 120 N. Y. 29, 23 N. E. 983; Stokes v. Stokes, 155 N. Y. 590, 50 N. E. 342. Therefore, in cases of this character, where it appears for any reason that the enforcement of the agreement would be unfair, inequitable, or unjust, the remedy should be denied. Each case must be governed by its own facts and circumstances, and, unless the proof discloses a situation where good conscience and natural justice require the enforcement of the agreement, this relief should not be awarded."

The complaint shows that there are conflicting claims with reference to the residence of the decedent; it being claimed by some of the defendants that he was a resident of Connecticut, and by others that he was a resident of New York. That does not affect the question now presented. It is alleged that he resided in this state; but, whether he did or not, if she established the agreement, the court may at least award to her the property within its jurisdiction.

The second ground of demurrer is that a cause of action against the decedent's administrators for a breach of his contract is united with a cause of action against his heirs. The complaint shows the appointment of an administrator in New York, and another in Connecticut, and they are made parties defendant. The complaint states but a single cause of action, based upon the agreement made by the decedent with the plaintiff. The plaintiff has joined the administrators and the heirs, and all parties claiming an interest in either the real or personal estate. It cannot be said that causes of action have been improperly united when only one cause of action is stated. The suit being in equity, it is not essential that all the parties should be interested in the same way, or affected alike by the judgment demanded. The important question of fact is the establishment of the contract, and the same evidence that will establish it as to real property will establish it as to the personal property. It was proper to unite all of the parties in interest, to avoid a multiplicity of suits, and have an adjudication that would determine the question as to all parties interested in the estate. Moreover, this has been the practice in this class of actions. The object of the action is to reach the property of the decedent, both real and personal, and to have the same delivered to the plaintiff, and to have the claims of those asserting title or interest thereto adjudicated.

A third ground of demurrer is interposed, which does not seem to conform to the provisions of the Code. The appellant's counsel, in his points, interprets it as a demurrer upon the ground of multifariousness. This is not a ground of demurrer authorized by the Code. It is stated in the third ground of demurrer that the complaint alleges a cause of action against the administrators in New York, against the administrators in Connecticut, against the defendants Hartford and Smith, who were partners of the decedent, and against the heirs, and that these causes of action relate to separate and distinct matters. If this is to be construed as a demurrer upon

the ground that causes of action have been improperly united, it has already been answered. Whether or not a cause of action is stated against all of the other defendants does not concern the appellant. She is an heir at law of the decedent, and a cause of action is sufficiently stated against her. A demurrer will lie for a defect of parties plaintiff or defendant (Code Civ. Proc. § 488, subd. 6), and upon the ground that there is a misjoinder of parties plaintiff (Id. subd. 5), but a demurrer will not lie for misjoinder of parties defendant. A defect of parties for which a demurrer lies means a nonjoinder, and not a misjoinder, of parties plaintiff or defendant. Railroad Co. v. Schuyler, 17 N. Y. 592; Palmer v. Davis, 28 N. Y. 242; Potter v. Ellice, 48 N. Y. 321.

It follows, therefore, that the interlocutory judgment should be affirmed, with costs, but with leave to appellant to answer upon payment of the costs of the appeal and of the demurrer. All concur.