In the Matter of the Application of the Administrators of the Goods, Chattels and Credits of George F. Gilman, Deceased, for Leave to Compromise with Helen Potts Hall her 'Claim against the Estate of George F. Gilman, Deceased.

Caroline G. Redington, Appellant; Theophilus Gilman and Edward L. Norton, as Administrators, etc., of George F. Gilman, Deceased, Respondents.

*Power of an executor to compromise a claim against his testator's estate — the Surrogate's Court may authorize it — when a payment of $60,000 to settle a claim for an entire estate of $2,000,000 is proper — appeal from a surrogate's order — in order to bring up the facts for review the notice should show an intention to do so.*

Independent of statute, an executor or administrator has the power to compromise and adjust claims made either against or in favor of the estate represented by him; the only risk which he assumes in so doing is that unless his action in this respect is sustained by a court having jurisdiction of the subject-matter, he will be subjected to a personal liability.

Section 2719 of the Code of Civil Procedure as amended by chapter 686 of the Laws of 1893, providing: "The surrogate may authorize the executor or administrator to compromise or compound a debt or claim on application and for good and sufficient cause shown," confers upon a surrogate the power to permit an executor or administrator to compromise and compound a claim against the estate.

Under what circumstances it is proper for a surrogate to authorize the administrators of an estate amounting to nearly $2,000,000 to compromise for $60,000 a claim presented against the estate for the entire amount thereof, considered.

*Semble*, in view of the provisions of the Code of Civil Procedure allowing an appeal from a decree or order of the Surrogate's Court to be taken upon questions of law or upon the facts, and conferring on the appellate court, if the appeal is taken on the facts, the same power to decide the questions of fact which the surrogate had, that an appeal from an order or decree of the Surrogate's Court will be treated as one upon questions of law unless the notice of appeal contains a statement that the appellant desires to review the facts.

Appeal by Caroline G. Redington from an order of the Surrogate's Court of the county of New York, entered in said Surrogate's Court on the 22d day of January, 1904, permitting the respondents to settle a claim against the estate of George F. Gilman, deceased.

*Raphael J. Moses*, for the appellant.

*William R. Wilder*, for Edward S. Percival, in support of the appellant.

*T. S. Ormiston,* for the respondent Gilman as administrator.

*John J. Crawford,* for the respondent Norton as administrator.

McLAUGHLIN, J.:

This appeal is from an order of the Surrogate's Court of the county of New York permitting the administrators of the estate of George F. Gilman, deceased, to compromise and settle a claim made against it by one Helen Potts Hall.

The appellant attacks the validity of the order upon two grounds: *First.* That the Surrogate's Court did not have the power to make the order, and, *second,* if it did, it was improperly exercised. These questions will be considered in the order raised.

*First.* It must be conceded that a Surrogate's Court is a court of limited jurisdiction, and has only such power as is conferred upon it by statute. (See Code Civ. Proc. § 2472.) In determining the question, therefore, resort must be had to the statute, and unless such power has been there conferred, either in express words or in words from which an inference can fairly be inferred, then this order is wrong and must be reversed. In this connection, however, it must be borne in mind that an executor or administrator, independent of a statute, has the power to compromise and adjust claims made either against or in favor of estates represented by him — the only risk he assumes in doing so being that unless the surrogate or a court having jurisdiction of the subject-matter thereafter sustains his acts, he will be subjected to a personal liability. (*Chouteau* v. *Suydam,* 21 N. Y. 179.) The first statute bearing upon the subject which I have been able to discover is chapter 80 of the Laws of 1847. Section 1 of this act permitted a surrogate to authorize executors and administrators to compromise or compound any debt or claim belonging to the estate of their testator or intestate but not a claim against it. This section, however, was amended in 1888 (Chap. 571), by which act the surrogate was granted power to authorize executors and administrators " to compromise or compound any debt or claim," and while it might be argued with some force that this language was sufficient to confer power upon the surrogate to authorize the settlement of a claim made against the estate, it probably was not so intended — at least it is not sufficiently clear that such was the intent, when the whole act is con-

sidered, as to justify the court in thus construing it. But whatever doubt may have existed in this respect prior to 1893 was removed by the passage of chapter 100 of the laws of that year, by which section 1 of the original statute of 1847 as amended in 1888 was further amended by adding the words: "Or to compromise or compound any debt or claim owing by the estate of their testator or intestate." The words thus added, taken in connection with the other words used, clearly and unmistakably indicate an intent upon the part of the Legislature to confer power upon the surrogate to permit a settlement or compromise of a claim either made for or against the estate. But it is said that chapter 100 of the Laws of 1893 was repealed by chapter 686 of the same year. This is undoubtedly true, but in repealing the original statute of 1847 and the amendment of 1888 the amendment which was thereby added to section 2719 of the Code of Civil Procedure evidences, as it seems to me, that the Legislature intended to continue the power which had theretofore been conferred upon the surrogate with reference to a settlement or compromise and not to diminish it. The section of the Code as thus amended is entitled " Payment of debts." It provides that every executor and administrator must proceed with diligence to pay the debts of the deceased according to the order therein stated ; prohibits preferences for the payment of a debt over other debts of the same class ; makes provision for the payment of debts not due as well as those already accrued ; prohibits executors and administrators from paying debts due to themselves until proved to and allowed by the surrogate, empowers him to give preferences to rents due and accruing on leases held by the testator or intestate at the time of his death, and then provides: " The surrogate may authorize the executor or administrator to compromise or compound a debt or claim on application and for good and sufficient cause shown." These words, when the section is properly construed, as it seems to me, include claims made against the estate. It is with such claims that the section is dealing, and I do not think what follows the words quoted, " and to sell at public auction, on such notice as the surrogate prescribes, any uncollectible, stale or doubtful debt or claim belonging to the estate," destroys that effect or evidences contrary legislative intent. The meaning to be ascribed to the word " debt" is not uncertain. The Legislature has indicated that as

thus used it includes *every* claim and demand upon which a judgment for a sum of money, or directing the payment of a sum of money, could be recovered in an action. (Code Civ. Proc. § 2514, subd. 3.)

Considering, therefore, the history of the legislation bearing on the subject, which has all finally culminated in section 2719 of the Code, and the evident purpose to be accomplished by that section, it seems to me the Legislature intended to confer power upon a surrogate to permit a settlement and compromise of any claim, whether it be for or against the estate.

If I am right in this conclusion, then it necessarily follows that the Surrogate's Court had power to make the order appealed from, and this naturally leads the consideration of the other question, and that is, whether such power was properly exercised. It may well be doubted whether the appellant is in a position to raise this question, inasmuch as the appeal is simply " from the order," and no statement is contained in the notice to the effect that the facts considered by the surrogate are sought to be reviewed. The Code provides that in certain cases a party aggrieved may appeal from a decree or from an order of a Surrogate's Court (§ 2568), and that the appeal may be taken upon questions of law or upon the facts, or both (§ 2576), and that if taken upon the facts, the appellate court has the same power to decide the questions of fact which the surrogate had, and may, in its discretion, receive further testimony or documentary evidence and appoint a referee (§ 2586). In view of these provisions, it would seem that if the appellant desired to review the facts the notice of appeal should contain a statement to that effect, and in the absence of such statement the appeal would be considered only as upon questions of law. The conclusion, however, at which we have arrived renders it unnecessary to determine this question at this time. Assuming, therefore, without deciding, that the question is before us, I think the power of the surrogate was properly exercised. The Gilman estate amounts to nearly $2,000,000. Mrs. Hall claims she is entitled to the whole of it under an agreement made with the intestate, and she has brought an action in the Supreme Court of this State to establish her claim. A demurrer was interposed to her complaint upon various grounds, which was overruled by the Special Term, and on appeal to this court the same was affirmed (*Hall* v. *Gilman, No. 1,* 77 App. Div. 458).

FIRST DEPARTMENT, MARCH, 1904.    [Vol. 92.

This action is still pending. In addition to this, a similar action has been commenced by her in the State of Connecticut, a third action in the State of New York, in which is involved the sum of $14,200, deposited in court, which she claims belongs to her under the agreement referred to, and there is a fourth action pending in the United States Circuit Court of Appeals for the second district from a decree rendered against her in an action brought to recover upon a check for $10,000 alleged to have been made and delivered to her by the intestate. The petition of the administrators asking for permission to compromise with Mrs. Hall sets out that her entire claims can be settled and compromised for the sum of $20,000 in cash and 400 shares of the Great Atlantic and Pacific Tea Company of the value of $40,000; in other words, her entire claim can be settled for $60,000. Considering the uncertainty of litigation, the amount involved, and that it has been determined by this court that the complaint served by her in the action to recover the entire estate sets out a cause of action, the settlement would seem to be not only justifiable but very desirable. By making the settlement a large portion of the estate can be at once distributed among those entitled thereto, while, on the other hand, to refuse permission to compromise prevents a distribution of the assets and involves the estate in litigation, the expense of which will necessarily be quite large. It also appears from the petition that Mrs. Hall resided in the intestate's home for some time prior to his death, enjoyed his friendship and confidence, performed various services in and about his household, was familiar with his affairs, and that if the settlement be made such information will be placed at the disposal of the administrators to be used as they see fit in contesting another claim which has been presented against the estate. The fact that Mrs. Hall has agreed to furnish this information is a mere incident of the compromise and not the basis of it, and, therefore, is not subject to the criticism placed upon it by appellant's attorney.

I am of the opinion that the order appealed from should be affirmed, with ten dollars costs and disbursements to the administrators respondent, payable out of the estate.

VAN BRUNT, P. J., O'BRIEN, INGRAHAM and HATCH, JJ., concurred.

Order affirmed, with ten dollars costs and disbursements to the administrators, payable out of the estate.