Argued June 28, affirmed October 11, 1921.

## MATHEWS *v.* TOBIAS ET AL.

(201 Pac. 199.)

**Specific Performance—Exercise of Discretion Depends on Showing of Clear, Just, Definite, Reasonable, and Mutual Binding Agreement.**

1. Before an equity court may exercise its discretion to enforce specifically a contract to devise, the cause must come before it with proper allegations of fact supported by proof of a binding agreement that it is clear, just, definite, reasonable, and mutual in all its obligations.

**Specific Performance — There must be Adequate Proof of Contract to Devise and Showing of Part Performance Making a Fraud on Plaintiff if not Completed.**

2. A contract to devise is within the statute of frauds, and to obtain its specific performance there must be adequate proof to establish the contract, accompanied by such evidence of part performance as will make it a fraud upon plaintiff not to complete the contract.

---

2. On specific performance or oral contract to devise or convey land in consideration of performing services or furnishing support, where no possession taken or improvements made, see notes in **Ann. Cas.** 1914A, 399; Ann. Cas. 1918A, 1191; 15 **L. R. A. (N. S.)** 466; 38 **L. R. A. (N. S.)** 752.

**Specific Performance—Equity may Seize Property Which Testator
    Agreed to Will to Plaintiff, After Testator's Death, and Fasten
    Trust upon it.**

3. Where a party had made a just and valid contract to devise
property by will which has been clearly proved, but breached by
promisor, equity will in a proper case specifically enforce it after
the promisor's death by seizing the property which was the subject
of the agreement and fastening a trust upon it.

**Specific Performance—Complaint Failing to Allege Possession Under
    Agreement to Devise, or an Exception Making Such Allegation
    Unnecessary, is Insufficient.**

4. A complaint to enforce specifically a parol contract to devise
is insufficient where it does not allege possession under the contract,
nor aver facts showing the case to come under the exception of an
agreement to devise for services of such a nature or character that
it is impossible to estimate their value to the promisor by any
pecuniary standard, and where there was no intention to measure
their value by such standard.

From Multnomah: Robert G. Morrow, Judge.

Department 1.

This is a suit in equity to enforce specifically the
terms of an alleged contract to devise to Nannie
Mathews, by will, Lot 3, in Block 89, Couch's Addi-
tion to the City of Portland, Oregon.

The complaint alleges that the plaintiff, Nannie
Mathews, is the daughter of Robert T. Dale and Anna
E. Dale, his wife, both of whom are deceased; that the
defendant Mattie M. Tobias is the daughter of the
plaintiff; that the defendant David S. Tobias is the
husband of Mattie M. Tobias, and that Helen Tobias
is the daughter of the defendants Mattie M. and
David S. Tobias. The complaint further alleges that
Robert T. Dale died in June, 1886, leaving, as heirs,
Anna E. Dale, his widow, and Nannie Dale, a daugh-
ter; that prior to his death he had deeded to Anna
E. Dale the parcel of real property hereinbefore men-
tioned, together with two other lots, all of which
property was then of little value; that the widow
had difficulty in meeting her living expenses, taxes

and charges upon said property; that, in order to induce her daughter, Nannie Dale, to assist her in paying her living expenses, repairs and taxes upon said property, she agreed with her daughter that if she would assist her, Anna E. Dale, in meeting her living expenses, repairs and taxes upon said property, that she would, upon her death, devise and convey, by will, to her daughter, Nannie Dale, said Lot 3; that Nannie Dale, plaintiff herein, accepted said offer, and agreed to, and did, for many years, live with her mother, help pay her living expenses, taxes, repairs, and the upkeep of said property. Thereafter, Nannie Dale married Ezekil Mathews, and said contract was renewed by the mother with her daughter Nannie Mathews and Ezekil Mathews, her husband, by agreeing that if they would live with and assist her in meeting her living expenses, repairs and taxes upon her property, and if they would move a house upon said Lot 3, Anna E. Dale would make a will whereby she would convey said Lot 3 to her daughter; that the plaintiff and her husband accepted said offer and contract; that in reliance upon said agreement, plaintiff, for many years, and down to and including the year 1914, assisted her mother in paying her living expenses, making repairs on her property, paying taxes thereon, and bought and moved a house upon said Lot 3; and, by means of such assistance given by plaintiff and her husband in reliance upon said contract, the mother, Anna E. Dale, was enabled to retain title to her real property. That in consideration of the money and assistance furnished to her by her daughter and son-in-law, Nannie and Ezekil Mathews, the improving of the property and the payment of taxes and expenses by them during all said

years, Anna E. Dale made and executed a will whereby she performed said contract with plaintiff and willed said lot to the plaintiff, depositing said will with one George Watkins, where it remained for many years. That the aforesaid contract and will thereby became an irrevocable contract and will on the part of the said Anna E. Dale.

That in 1914, and in violation of her agreement with the plaintiff, Anna E. Dale obtained said will from George Watkins and destroyed the same.

That on or about the eleventh day of March, 1916, Anna E. Dale, in violation of her contract with plaintiff, made and executed a will, whereby she devised Lot 4, in said Block 89, Couch's Addition, to the defendant Mattie M. Tobias, and attempted to will said Lot 3 to the defendant David S. Tobias, in trust, for Helen Elizabeth Tobias, plaintiff's granddaughter.

The complaint likewise attacks the validity of a lease upon said Lot 3 to the Goodyear Tire & Rubber Company, as well as a mortgage upon said real property to Emily A. Reckard.

The defendants deny the existence of the alleged contract involved in this controversy, and aver the validity of the lease, also of the mortgage.

The case was tried, argued and taken under advisement, and a decree rendered against the plaintiff and in favor of the defendants, without any findings of fact or conclusions of law.

Plaintiff appeals, and assigns as error:

"That the court committed error in rendering said decree against appellant, and in each and every part thereof, and in not rendering a decree as prayed for in the complaint."

AFFIRMED.

For appellant there was a brief over the names of *Mr. Ralph R. Duniway* and *Messrs. Olson, Dewart & Bain*, with an oral argument by *Mr. C. P. Olson*.

For respondents there was a brief over the names of *Messrs. Wilbur, Spencer, Beckett & Howell* and *Mr. E. K. Oppenheimer*, with an oral argument by *Mr. R. W. Wilbur*.

BROWN, J.—This case, like many others, illustrates the ambulatory character of wills. The devising of property by will is a right conferred by law. So far as the statute is concerned, Anna E. Dale had the right to change her mind with reference to the beneficiaries of her real property as often as she chose. We assume that her testament was the written expression of her free act and will. But it is asserted that the testatrix, in a previous will, had made the plaintiff her chief beneficiary and, for a consideration, had bargained away her right to alter that will. This may be true. The inquiry then is: Was the alleged contract entered into, and, if so, did it make the will of Anna E. Dale irrevocable?

1. Before a court of equity is empowered to exercise its discretion in this case, the cause must come before it with proper allegation of fact, supported by proof of a binding agreement that is clear, just, definite, reasonable and mutual in its obligations, in all its parts.

"Equity will construe the contract to devise strictly against the complainant so as not to interfere with freedom of testamentary disposition." 5 Pomeroy's Eq. Juris. (5 ed.), § 2168.

2. It has been judicially determined that persons may lawfully contract with reference to the disposi-

tion of property by will. Anna E. Dale was a competent person to execute a will; hence, she could lawfully enter into a valid agreement binding herself to make a particular testamentary disposition of her real property: *In re Dale's Estate,* 92 Or. 57 (179 Pac. 274); *Kelley* v. *Devin,* 65 Or. 211 (132 Pac. 535); *Woods* v. *Dunn,* 81 Or. 457 (159 Pac. 1158); 25 R. C. L. 311. The defendants, however, deny the execution of the alleged contract and its performance, and invoke the protection of the statute of frauds.

A contract to devise real property by will is within the statute of frauds, and in order to remove such an agreement from the protection of the statute, and enforce its specific performance, there must be adequate proof to establish the contract to the satisfaction of a court of equity, accompanied by such evidence of part performance as will make it a fraud upon the plaintiff not to complete the contract.

3. The courts are practically a unit in holding that where a party has made a just and valid contract to devise property by will and the agreement has been clearly proved but breached by the promisor, equity will, in a proper case, specifically enforce it after the promisor's death, by seizing the property which is the subject matter of the agreement and fastening a trust on it in favor of the person to whom the decedent agreed to give it by will: *Kelley* v. *Devin, supra; Woods* v. *Dunn, supra;* 5 Pomeroy's Eq. Juris. (5 ed.), § 2168, and notes; also see extensive note with collection of authorities, Ann. Cas. 1914A, p. 399. It has been said that the enforcement is made in harmony with the principle that courts of equity will not allow the statute of frauds to be used as an instrument of fraud: *Rowell* v. *Smith,* 123 Wis. 510 (102

N. W. 1, 3 Ann. Cas. 773); *Wetmore* v. *White,* 2 Caines Cas. (N. Y.) 87 (2 Am. Dec. 323).

It is written that:

"Where the situation is such that the promisee cannot be restored to his original position, to permit the promisor to repudiate his agreement under cloak of the statute of frauds, having received a substantial and valuable consideration, would be highly inequitable. Courts of equity, from the very beginning, have striven to maintain the statute in its integrity as a preventive of fraud, while strenuously repressing its use as a means of working frauds. A defendant will not be allowed to shelter his own fraud behind the statute of frauds, nor to use that statute as an instrument of fraud and wrong. When the statute is invoked to sanction a palpable fraud upon one who has performed his agreement and cannot be restored to his original position, a court of equity must interpose its authority." *Teske* v. *Dittberner,* 70 Neb. 544 (98 N. W. 57, 113 Am. St. Rep. 802).

4. The sufficiency of the complaint in the instant case is challenged by the defendants. The complaint does not allege possession under the contract, nor does this pleading aver facts showing that the consideration of the alleged contract was such that it comes under an exception to the general rule requiring an allegation of possession. The plaintiff failed to aver, likewise to prove, possession of the lot in controversy. From the facts alleged in the complaint an allegation of possession was necessary, and its absence is fatal. We do not hold that possession is necessary in all cases, to remove the bar of the statute of frauds.

As to what constitutes sufficient acts to operate as part performance much has been written, and it can only be determined from the circumstances of each particular case. It has been truly said that:

"It is not a subject upon which it is easy to generalize." *Agnew* v. *Dumas,* 64 Vt. 147 (23 Atl. 634).

In general, an allegation of possession, and proof thereof, are necessary to establish part performance, so as to remove the shield of the statute of frauds.

A rule of pleading is thus stated by this court:

"Since the agreement and its part performance are the essential prerequisites to be established by evidence at the trial, it is necessary to the maintenance of a suit of this kind that the complaint should set forth the oral contract, and also allege that pursuant to its terms possession of the premises was taken by the purchaser, and, if the parties are related, that the latter has made improvements upon the land: *Barrett* v. *Schleich,* 37 Or. 613 (62 Pac. 792); *Zeuske* v. *Zeuske,* 62 Or. 46 (124 Pac. 203); *Thayer* v. *Thayer,* 69 Or. 138 (138 Pac. 478)." *Skinner* v. *Furnas,* 82 Or. 414, 421 (161 Pac. 962).

To like effect is *Riggs* v. *Adkins,* 95 Or. 414, 420 (187 Pac. 303).

However, a qualification of the foregoing rule exists where the consideration for a promise to devise land is the rendition of services of such a nature or peculiar character that it is impossible to estimate their value to the promisor by any pecuniary standard, and where there was no intention to measure them by a pecuniary standard.

In *Franklin* v. *Tuckerman,* 68 Iowa, 572 (27 N. W. 759), an oral contract to devise land in consideration of services to be performed and support to be furnished was specifically enforced after performance by the promisee, although he was never in possession of the property covered by the contract. Like relief was granted by specific enforcement in *Lothrop* v. *Marble,* 12 S. D. 511 (81 N. W. 885, 76 Am. St. Rep.

626), although the promisee never was in possession. In this case the court, basing its holding upon numerous authorities, said:

"Money was not made the standard by which to measure the value of such care and attention as his pitiable condition would be likely to require for a period as uncertain as the duration of life, and his intention to convey the premises in consideration therefor should, in the absence of fraud or injury to anyone, govern the action of the court. The case is clearly within the rule justifying courts of equity, in carrying into effect parol agreements, to convey real estate, after the full and faithful performance of such service in consideration therefor, as this record discloses."

To like effect is the holding of the court in *Hall* v. *Gilman*, 77 App. Div. 458 (79 N. Y. Supp. 303). See also *Kelley* v. *Devin, supra.*

Possession of the property is not a requisite where the consideration was personal care and services not measurable in money: *Brinton* v. *Van Cott,* 8 Utah, 480 (33 Pac. 218); *Schoonover* v. *Schoonover,* 86 Kan. 487 (121 Pac. 485, 38 L. R. A. (N. S.) 752, and note); *Bryson* v. *McShane,* 48 W. Va. 126 (35 S. E. 848, 49 L. R. A. 527); *Franklin* v. *Tuckerman,* 68 Iowa, 572 (27 N. W. 759); see, also, note, 15 L. R. A. (N. S.), p. 466 et seq.; *Velikanje* v. *Dickman,* 98 Wash. 595 (168 Pac. 465).

The question of specific performance of oral contract to devise or convey land in consideration of performing services or furnishing support, where no possession is taken, or improvements made, is the subject of notes to *Grindling* v. *Reyhl,* 15 L. R. A. (N. S.) 466, and *Schoonover* v. *Schoonover,* 38 L. R. A. (N. S.) 752. See 5 Pomeroy Eq. Juris. (5 ed.), § 2248, and cases in notes.

In the case at bar as made by the pleadings, the complaint is deficient, in that it fails to aver that the plaintiff took possession pursuant to the alleged contract; nor does it allege facts showing an exception to the general rule hereinbefore referred to. In the absence of such necessary allegations and proof thereof, the evidence offered in support of the alleged part performance, such as paying taxes, making repairs upon the property, assisting with the living expenses of Anna E. Dale, and of services performed by plaintiff as testified to by certain witnesses, can be of no° avail to plaintiff. This is a family lawsuit, and the evidence shows that it could, and should, have been settled out of court. Family settlements are favored in equity: *Kelley* v. *Devin, supra; Loughary* v. *Simpson,* 75 Or. 219 (145 Pac. 1059); *Goodin* v. *Cornelius et al., ante,* p. 422 (200 Pac. 915).

This case is affirmed, without costs to either party in this court.                                    AFFIRMED.

BURNETT, C. J., and HARRIS, J., concur.

McBRIDE, J., Concurring in Part and Dissenting in Part.—I fully concur in the conclusion of Mr. Justice BROWN that this is a case where specific performance cannot be invoked on behalf of plaintiff, but I think it sufficiently appears that upon the faith of the promise of deceased to devise the property claimed here by plaintiff, to Mrs. Mathews, she or rather her husband on her behalf expended money for taxes and improvements which would not have been expended, if it had for a moment been supposed that the mother would practically disinherit her. I am satisfied from the attitude displayed by the Tobiases in this case and the former case that they intend to take all they

can get and hold all they take. But the arm of equity is long, and the plaintiff asks equitable relief. Therefore, I would go further than Mr. Justice BROWN and take an accounting of these expenditures by plaintiff or on her behalf, and decree that she recover with interest, and make the sum as ascertained a lien on the property in dispute.