Argued April 10, reversed July 11, 1928.

ROBERT F. STEPHENS ET AL. *v.* CALLA A. TIPTON ET AL.

(268 Pac. 1014.)

For appellants there was a brief and oral argument by *Mr. Howard M. Brownell.*

For respondent there was a brief over the name of *Messrs. Harris, Smith & Bryson*, with an oral argument by *Mr. Lawrence T. Harris.*

RAND, C. J.—This is a suit for the specific performance of an oral promise to devise land and the case is here on an appeal from a decree sustaining a demurrer to the complaint.

It appears from the allegations of the complaint that the plaintiffs and defendant, Calla A. Tipton, are children of R. A. Stephens and S. E. Stephens, his wife, both of whom are now dead; that S. E. Stephens, the mother, died intestate in January, 1901, and at the time of her death was the owner of the title to a tract of land containing 39 acres; that she left as her sole heirs at law her said children and husband; that R. A. Stephens, the father, was the owner of an adjoining tract of land containing 9.99 acres, and that these two tracts comprised the family home; that after the death of the mother, the father went into possession of the wife's property and remained in possession thereof and received all of the income therefrom, using the same for his own maintenance and support until 1914, at which time he orally solicited and requested his said sons and daughters to deed to him their interests in the lands of their mother upon an oral promise that he would use and enjoy the property for his support and maintenance during his lifetime, and that, if he should not previously sell the premises, he would, upon his death, leave all of his property, both real and personal including the mother's tract, to his six children, share and share alike, and that, if he should sell the tract formerly belonging to the mother, he would, at the time of such sale, pay to each of said children the

sum of $200 and invest the remainder of the purchase price and use the same for his maintenance and support and devise to them in equal parts all of the property belonging to him at the time of his death; that, relying upon said promise and induced by the confidence and trust that the children reposed in their father, they each deeded their interests in the premises to their father; that he accepted the deeds to said property, placed them of record and retained complete possession and ownership of both tracts of land until the time of his death and left a will, devising to each of the plaintiffs the sum of $1 only and all of the remainder of his property, including the lands formerly owned by his wife, to his daughter, Calla A. Tipton, the defendant herein, contrary to the promise made to plaintiffs.

In support of the demurrer, it is contended that the effect of the transaction stated in the complaint was to create an oral express trust in lands which, not being in writing, is void under the statute of frauds. Defendant cites in support of her contention Section 804, Or. L., which provides:

"No estate or interest in real property, other than a lease for a term not exceeding one year, nor any trust or power concerning such property, can be created, transferred, or declared otherwise than by operation of law, or by a conveyance or other instrument in writing, subscribed by the party creating, transferring, or declaring the same, or by his lawful agent, under written authority, and executed with such formalities as are required by law."

The relief sought, however, in the instant case is not to enforce a trust but to compel the specific performance of an agreement to devise lands, and Section 805, Or. L., expressly provides that Section 804 "shall not be construed * * to affect the power of a court

to compel the specific performance of an agreement in relation to such (real) property.'' From this we assume, without deciding, that even if the transaction alleged in the complaint would have been sufficient, in the absence of the statute of frauds, to create an express trust, a court in a proper case would have power to compel the specific performance of the parol agreement under which it was intended to create an express trust.

1, 2. Assuming for the purposes of the demurrer that the facts alleged in the complaint are true, it is clear that the parties did not intend to create any trust and that no trust resulted from the transaction. The deed or deeds from the children to their father conveyed an absolute title to the father and was intended by all of the parties to have that effect. No express trust can arise from a conveyance of real property where all of the parties to the transaction intend that an absolute title to the property shall be conveyed. To constitute a trust of real property it is essential that there should be a separation, by intention of the parties or by operation of law, of the legal and equitable title, the legal title to be held by the trustee and the equitable title to be held by the *cestui que trust*. In a transaction where such was not the intention of the parties or where that result would not follow by operation of law or be implied from the transaction itself, no trust could be created.

3. As alleged in the complaint, the intention was that the father should become the absolute owner of the title to the property and was to be vested with both the legal and equitable title to the land and the children were to have no interest in the land whatsoever. The conveyance was not intended as a gift, donation or bounty and was made without the pay-

ment of any money or valuable consideration and solely upon the consideration of the father's promise, upon his death, to devise whatever property he might then own to his children share and share alike. Upon performance of the contract by the children and the father's acceptance of the deed, placing the same of record and entering into the possession and ownership of the land, the contract became fully executed upon the part of the children, and, because of such execution, the transaction was no longer within the operation of the statute. It was an executed contract upon the part of the children and because of such execution, the oral promise of the father is enforceable under well-recognized equitable principles. Under such circumstances, to deny the relief sought would operate as a fraud upon the children who performed their contract in reliance upon the promise of the father.

4. The contract was one which could not be enforced during the life of the father, for under the contract the only performance required by the father was to make a will devising the property in accordance with his undertaking and agreement and there could be no violation of his contract until the very moment of his death. The defendant, Calla A. Tipton, was one of the children and, of course, had knowledge of her father's agreement for she was a party to it but independent of that, if she had had no such knowledge, she was a mere devisee of her father and her rights as devisee, like any other gift of property, would be subordinate to the contract obligations of her father. She was entitled to receive under the contract one sixth of her father's property and no more. Under such circumstances, equity impresses the property with a trust and will compel her

to transfer the remainder of the devised property to those entitled to it under her father's contract.

In the case of *Johnson* v. *Hubbell*, a New Jersey case reported in 10 N. J. Eq. 332 (66 Am. Dec. 773), plaintiff's father persuaded plaintiff, on his coming of age, to deed away certain valuable property which he held by inheritance from his mother, upon the oral promise and agreement by his father that he would, before his death, will plaintiff certain property. The father failed to comply with his part of the agreement. In disposing of that case, the court said:

"It is said that this agreement was in parol, and is therefore contrary to the statute of frauds. But although this agreement was a mere parol one, if there was a part performance of it, of such a character as, upon the principles recognized and acted upon by this court, will take a parol agreement out of the statute, then there is nothing peculiar about an agreement of this kind to exclude it from the operation of those principles. If one party to a parol agreement has wholly or partially performed it on his part, so that its non-fulfillment by the other party is a fraud, the court will compel a performance. In this case, the son performed his part of the agreement. He paid a valuable consideration, and parted with his property. In fact, everything was done and performed by both parties that the character of the transaction would admit of. The part of the agreement which the son was to perform was to be performed *in praesenti,* and that part to be performed by the father was to be performed *in futuro.* There is no uncertainty about the agreement in the slightest respect. It is definite and certain in every particular. It is specifically set out by the complainant in his bill, and the agreement, as alleged, is admitted by the demurrer. There is no objection to a decree on the ground of the contract not being in writing."

This case has been cited with approval by this court in *Rose* v. *Oliver*, 32 Or. 447 (52 Pac. 176), *Kelley* v. *Devin*, 65 Or. 211 (132 Pac. 535), and *Mathews* v. *Tobias*, 101 Or. 605 (201 Pac. 199). Holding to the same effect as the New Jersey case cited, see *Stewart* v. *Smith*, 6 Cal. App. 152 (91 Pac. 668); *Sullivan* v. *Townsend* (Ariz.), 243 Pac. 913; *Sherman* v. *Scott*, 27 Hun (N. Y.), 331; *Chantland* v. *Sherman*, 148 Iowa, 352 (125 N. W. 871); *Carmichael* v. *Carmichael*, 72 Mich. 76 (40 N. W. 173, 16 Am. St. Rep. 528, 1 L. R. A. 596); *McClure* v. *Otrich*, 118 Ill. 320 (8 N. E. 786); *Alexander* v. *McDaniel*, 56 S. C. 252, (34 S. E. 407); *Pearsall* v. *Henry*, 153 Cal. 314 (95 Pac. 157).

For the reasons stated, the decree appealed from will be reversed and the cause remanded for such further proceedings as are not inconsistent herewith.

REVERSED AND REMANDED.

COSHOW, McBRIDE and ROSSMAN, JJ., concur.