Argued March 18; affirmed April 15, 1941

MADDEN ET AL. *v.* HEATER ET AL.

(112 P. (2d) 223)

Before KELLY, Chief Justice, and BAILEY, LUSK, RAND and ROSSMAN, Associate Justices.

*Loyd W. Crow* and *Elliott Cummins,* both of Mc-Minnville (Loyd W. Crow and Vinton, Marsh & Marsh, all of McMinnville, on the brief), for appellants.

*George Neuner,* of McMinnville (Burdett & Neuner, of McMinnville, on the brief), for respondents.

RAND, J. This is a suit for specific performance of an oral contract entered into by Walter Madden and two of his sons, Lawrence W. and Ernest J. Madden, in which Walter Madden promised and agreed to devise to his said sons his 90.5-acre farm in Yamhill county in consideration of their joint promise and agreement to take charge of and operate the farm and to pay all taxes against the land, and to support and maintain him and his wife, Saloma Jane Madden, during the remainder of their lives. This contract was made some time either in 1929 or 1930, and, at all times since, has been faithfully performed by said sons. At the time this contract was made, both of said parents were old and in poor health and the father was physically unable to do the farm work or to support himself and wife. They had no other property except a few acres of other land upon which they were receiving a rental of $5 per month. They had six children, all grown, none of whom were living with their parents. Lawrence, for several years, had contributed various sums of money for the support of his father and mother. None of the other children, except possibly Ernest, had ever contributed to the support of their parents.

At the time this contract was made, Ernest Madden was employed in a garage in Portland and Lawrence Madden was a member of the police force in that city. Immediately after the contract was made, Ernest quit his said employment and moved onto the farm and has ever since lived and worked thereon without receiving any compensation therefor except his living expenses. Lawrence has contributed various sums of money since the contract was made, amounting in all to the probable present value of the land covered by the contract.

In violation of his agreement, Walter Madden, on March 26, 1936, was induced by Inez Heater, one of his daughters, to devise the farm to her and to her sister, Luvina Madden, the appellants herein. At that time Inez Heater knew of the contract existing between her father and her two brothers. There is much evidence tending to show that at the time this will was made, the father was mentally incompetent to make a will, and, in executing the same, he signed his name as ''Walter Walter''.

At or about the time the contract with his sons was made, both Walter Madden and his wife separately made wills devising their property to the survivor thereof.

At the time the later will was made, none of the other members of the family were informed that such a will had been made. By its terms, the later will gave to the mother and to the four children other than the two devisees named in the will the sum of $5.00 each. Walter Madden's property at that time consisted only of the 90.5-acre farm, the record title to which, although it had been acquired largely by the efforts of his wife, stood in his name. The other few acres above referred to were held by himself and wife as an estate by the entirety and, upon his death, the title passed to his wife.

Walter Madden died on January 30, 1940, leaving surviving him his widow and said six children. On February 3, 1940, without any knowledge or notice of the subsequent will having been made upon the part of the other members of the family, the will first executed by Walter Madden was filed in the county court for Yamhill county and, on that day, was duly probated

and Lawrence Madden was duly appointed as administrator with the will annexed. In compliance with her husband's contract, the mother executed a deed conveying the farm to her two said sons, reserving to herself a life estate therein.

Subsequently, and on February 20, 1940, Inez Heater caused the later will to be probated in said county court and was by that court appointed as executrix under said will.

This suit was brought by the two sons and Saloma Jane Madden, the widow, as plaintiffs, not only to enforce the contract but also to enjoin the two devisees named in the later will from asserting any title to or interest in the farm and from proceeding any further in the administration of the estate of their father. The other two of said children were named as defendants in the suit but failed to appear and are in default.

At the close of the trial, a decree was entered by the lower court granting to plaintiffs the relief prayed for in the complaint and, as stated, Inez Heater and Luvina Madden have appealed therefrom.

The plaintiffs contend that the will first made by Walter Madden and that made by the mother were mutual wills having reciprocal provisions and were based upon a contract entered into between them which rendered the father's will irrevocable, at least without notice to Mrs. Madden. They also contend, and the evidence we think bears them out, that Walter Madden at the time he made the later will was incompetent to make a will. It is not necessary, however, for us to pass upon either of these questions, the evidence showing that the contract entered into between the father and his two said sons has been faithfully performed

in all respects by said sons and has been fully executed by them. The evidence upon this question is clear and conclusive and the pretended devise of the farm to Inez Heater and her sister was merely an attempt upon the part of Walter Madden to make a gift of the farm to his two daughters, which he could have made but for the contractual obligations to his sons. A man may give away his property if he so desires but not in fraud of his creditors or in violation of his contractual obligations. This attempted gift, if enforceable, constitutes a fraud upon the two sons, since it was in violation of his contractual obligations to them. Hence, if Inez Heater and Luvina Madden could acquire any interest in the farm through the devise of their father, they would hold the same in trust for Lawrence and Ernest Madden. The case comes within the rule announced in *Stephens v. Tipton*, 128 Or. 115, 119, 268 P. 1014, where, in deciding a similar question, it is said:

"The contract was one which could not be enforced during the life of the father, for under the contract the only performance required by the father was to make a will devising the property in accordance with his undertaking and agreement and there could be no violation of his contract until the very moment of his death. The defendant, Calla A. Tipton, was one of the children and, of course, had knowledge of her father's agreement for she was a party to it but independent of that, if she had had no such knowledge, she was a mere devisee of her father and her rights as devisee, like any other gift of property, would be subordinate to the contract obligations of her father. She was entitled to receive under the contract one sixth of her father's property and no more. Under such circumstances, equity impresses the property with a trust and will compel her to transfer the remainder of the devised property to those entitled to it under her father's contract."

That principle would be applicable here even if the later will was valid and if Inez Heater had had no knowledge of the contract between Walter Madden and his two sons, and whatever title the devisees would have acquired thereby they would hold as trustees for those entitled to it under the contract which the father made with his two sons.

For these reasons and without passing upon any other questions raised in the case, the decree of the lower court must be affirmed, and it is so ordered.